[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's motion to open judgment and reargue is denied. Because the plaintiff seeks to introduce newly discovered evidence if his motion is granted, the court will treat the motion as a petition for a new trial based on newly discovered evidence.
In order to obtain a new trial because of newly discovered evidence, the plaintiff must show that:
1. the evidence in question is newly discovered and could not have been discovered earlier by the exercise of due diligence;
2. the evidence would be material in the new trial;
3. the evidence is not merely cumulative; and
4. the evidence will likely produce a different result in the new trial. CT Page 751
Asherman v. State, 202 Conn. 429, 434 (1987). The standard for granting a new trial is a strict one consistent with the policy of the courts that a final judgment should not be disturbed except for a "compelling reason". Id.
Two of the items of evidence which plaintiff seeks to admit at a new trial are public documents, one a copy of a 1993 record of the tax assessor for the town of Southhampton, New York, the second a 1989 amended certificate of authority from the Office of the Secretary of the State for the State of New York. Both records were in existence in October, 1994, when the trial in this matter was held. Both records could have been discovered through the exercise of due diligence and presented at the original trial. Therefore, these records do not constitute grounds for a new trial.
The third item of newly discovered evidence is a photograph of Michael Fuchs. The plaintiff seeks to establish through the photograph and testimony related thereto that the Michael Fuchs with whom Mr. Farley met in 1990 or 1991 is the same Michael Fuchs with whom the defendant Norman Drubner had dealt. Even if admitted at trial, however, this evidence would not likely produce a different result from the original trial. This evidence would establish that there was some connection between Michael Fuchs and a company called Euro Investors Property, Inc. in 1990 or 1991. It would not establish the existence of such a relationship in 1994, when Euro Investors Property, Inc. entered into the contract to purchase real estate from the defendant. Nor does it establish that Fuchs' relationship with Euro Investors Property, Inc. in 1994 was so substantial that an agreement with Euro Investors Property Inc. was tantamount to an agreement with Fuchs. It is not probable that this new evidence would produce a different result after a new trial.
The evidence produced by the plaintiff at trial in October, 1994 in support of his claim for a real estate commission was very weak. In stating on the record certain reasons for denying the plaintiff's bill of discovery, the court did not intend to be exhaustive, but rather to highlight some of the more obvious deficiencies in the evidence.
The motion is denied.
CHRISTINE S. VERTEFEUILLE, J. CT Page 752